IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| STACY G. HALL, | ) | Cause No. CV 12-18-H-DLC-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD, Warden; | ) | |
| MIKE FERRITER, Director, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On February 16, 2012, Petitioner Mr. Stacy Hall moved to proceed in forma pauperis to seek a writ of habeas corpus under 28 U.S.C. § 2254. Mr. Hall is a state prisoner proceeding pro se.

Mr. Hall cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

Mr. Hall challenges two disciplinary violations assessed against him in connection with the November 2010 cutting of a fellow inmate. He was charged with assault and found guilty of the lesser violation of fighting. He was also charged with

and convicted of possession of a weapon. Pet. (doc. 1 at 19-23); Br. Ex. H (doc. 2-4 at 12) (disciplinary infraction report). Mr. Hall was placed for 40 days in disciplinary detention, followed by six months in administrative segregation beginning on December 14, 2010. Br. Ex. B (doc. 2-1 at 15). He was also reclassified. He describes himself as "a non-violent, non-dangerous commercial property offender" and states that he has been placed with "violent, dangerous, and predatory inmates serving multiple life sentences." Pet. (doc. 1 at 12).

Mr. Hall presented his claims to the Montana Supreme Court, alleging due process violations in the disciplinary proceedings. The Montana Supreme Court held that Mr. Hall was not incarcerated unlawfully. Br. Ex. C (doc. 2-2 at 4). Denying the petition for rehearing, it also held that the evidence was sufficient to support the disposition. Br. Ex. E (doc. 2-3 at 2).

Federal habeas relief is available only to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Both of Mr. Hall's sentences expired before he filed this petition. "[O]nce the sentence imposed for a conviction has completely expired," the mere continued existence of a conviction is not enough to show the petitioner is "'in custody' for the purposes of a habeas attack." *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam).

Likewise, when a disciplinary sanction has completely expired, as Mr. Hall's has, he is no longer in custody "by reason of" the disciplinary violation he seeks to challenge. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003).

Mr. Hall may still be deemed to be in custody if he demonstrates that his disciplinary violations will cause consequences sufficiently probable and harmful to meet the case-or-controversy requirement of Article III of the Constitution. *Spencer*, 523 U.S. at 14-16; *Wilson*, 319 F.3d at 481-82. A classification increase and transfer were not sufficient in *Wilson*, 319 F.3d at 482. Mr. Hall is not even eligible for parole for another seven years, and the virtually plenary nature of the Parole Board's discretion to grant or deny parole makes any assessment of the impact of Mr. Hall's disciplinary violations speculation. Pet. at 9; *see also* Mont. Admin. R. 20.25.305(5), (6), .505 (eff. Dec. 2010).

Finally, even if Mr. Hall was "in custody," and had a protectable liberty interest, Pet. at 12-14, he erroneously claims his disciplinary violations were based on *no* evidence. The evidence is sufficient if there is "*any* evidence" from which the finding "could be deduced." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added). A videotape showed that the injured inmate had no

apparent injury when he went into Mr. Hall's cell. When he left it, he had a towel over his arm, and he went to the infirmary. He presented there with cuts on his arm. He claimed he inflicted them himself before he went into Mr. Hall's cell. Officers, however, concluded they were stab wounds, were not self-inflicted, and–based on the videotape–did not exist before the inmate entered Mr. Hall's cell. *See* Pet. at 15-18. Mr. Hall does not contest these facts; he claims they do not support finding a violation. But, based on them, one can reasonably infer that the injury was not self-inflicted, Mr. Hall was the only other person who could have caused it, and he had to have a weapon to do it. As the evidence in *Hill* was sufficient, *see* 472 U.S. at 456-57, so is the evidence here. Mr. Hall's claims fail.

The federal petition should be dismissed for lack of subject-matter jurisdiction, 28 U.S.C. § 2254(a), and, alternatively, for failure to state a claim on which relief can be granted, *Hill*, 472 U.S. at 456-57.

A certificate of appealability is not warranted. Mr. Hall has not identified sufficient collateral consequences to show he is "in custody," and even if he is, he fails to make a substantial showing that he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2). There is no reason to encourage further proceedings on any issue. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 650 (2012); *Miller-El v. Cockrell*, 537

U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Based on the foregoing, the Court enters the following:

**ORDER**

The motion to proceed in forma pauperis (doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED;

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal; and

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Hall may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Mr. Hall files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each

recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Hall from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Hall must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 23rd day of February, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge