

**FILED**

**APR 19 2012**

PATRICK E. DUFFY, CLERK

By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| STACY G. HALL, | ) | CV 12-18-H-DLC-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| LEROY KIRKEGARD, Warden; MIKE | ) | |
| FERRITER, Director, | ) | |
| | ) | |
| Respondents. | ) | |

Stacy Hall, a state prisoner proceeding pro se, has filed a Petition for Writ of

Habeas Corpus challenging two disciplinary violations arising from a November

2010 incident in which another inmate suffered apparent stab wounds during a

visit to Petitioner Hall's cell. Petitioner was charged with assault and found guilty

of fighting, a lesser violation. He was also charged and convicted of possession of

a weapon. His penalty consisted of 40 days in disciplinary detention followed by

six months in administrative segregation, as well as a change in his custody classification. Petitioner alleges he was denied his due process rights during the disciplianry process and with regard to the penalty imposed.

United States Magistrate Judge Keith Strong conducted preliminary screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge.

Judge Strong issued Findings and Recommendations in which he concludes that the Petition should be dismissed for lack of subject-matter jurisdiction and for failure to state a claim. Judge Strong found that the Court lacks subject matter jurisdiction because even though Petitioner remains incarcerated, he is no longer "in custody" with respect to the disciplinary actions he challenges; all of his disciplinary sanctions related to this incident have expired. Even if Petitioner were still "in custody," Judge Strong would nonetheless recommend dismissal because the evidence is sufficient to support the findings by prison officials.

Because he concludes that Petitioner is not entitled to relief, Judge Strong

recommends dismissal of the Petition and denial of a certificate of appealability. Petitioner timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). In his objections, Petitioner contends that the Court should ignore the fact that his disciplinary sanctions have expired because 1) his injury, in light of the duration of his disciplinary sentence, is "capable of repetition, yet evading review," requiring an exception to the mootness docrine under Spencer v. Kemna, 523 U.S. 1, 17-18 (1998); and 2) he continues to suffer collateral consequences from the disciplinary sanctions that warrant habeas relief. Petitioner also objects to Judge Strong's conclusion that the evidence is sufficient to support the disciplinary convictions and sanctions assessed against him.

The record indicates that Petitioner's disciplinary sanctions had expired prior to the filing of his Petition. Therefore, although Petitioner remains in prison due to state convictions he does not challenge here, he is no longer subject to any additional disciplinary sanction as a consequence of the prison disciplinary proceeding that is the basis for his habeas challenge. Where such a disciplinary punishment has expired, it is no longer the basis for habeas relief under 28 U.S.C. §2254(a). Wilson v. Terhune, 319 F.3d 477, 481 (9th Cir. 2003). Petitioner nonetheless frames this action as a challenge to his now-expired punishment by arguing that his injury is "capable of repetition, but evading review."

The capable-of-repetition exception to the mootness doctrine applies only in

"exceptional situations where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Spencer, 523 U.S. at 17 (citations, internal quotation marks omitted). Petitioner has failed to establish that the capable-of-repetition exception applies in this instance. Although the sanctions in this case were relatively short in duration, he has not shown that the type of violations that he complains of will routinely result in sanctions that so brief in their effect as to evade review. More fundamentally, Petitioner has supplied no basis from which this Court might find a reasonable likelihood that he will once again be convicted and punished in a disciplinary proceeding.

Because Petitioner has failed to allege that he is currently in custody by reason of the challenged disciplinary penalty, his Petition can go forward only if he can demonstrate that the violations assessed against him will carry collateral consequences sufficiently harmful to meet Article III's case-or-controversy requirement. Wilson, 319 F.3d at 481. Petitioner does not take issue with Judge Strong's conclusion that due to the plenary nature of the Parole Board's authority, any attempt to assess the effect of the disciplinary conviction on Petitioner's prospects for parole are speculative and therefore do not meet the case-or-

-4-

controversy requirement. Instead Petitioner argues he can meet the requirement because as a result of the disciplinary conviction he now faces a diminished likelihood of eligibility for other forms of early release from prison, specifically community placement and executive clemency.[1]

Neither of the collateral consequences cited by Petitioner meet the case-or-controversy requirement. Petitioner contends that his current classification level disqualifies him from participating in the prison's Criminal Thinking Errors program, which he must complete before he can be eligible for community placement. This argument fails because Petitioner's ineligibility for the Criminal Thinking Errors course is a consequence that flows directly from reclassification, and a change in classification is not a sufficient adverse consequence to meet the case-or-controversy requirement. Wilson, 319 F.3d at 82. Moreover, Petitioner's claim that exclusion from the Criminal Thinking Errors course will cost him a chance at community placement is speculative; Petitioner concedes that while it will be seven years until he is eligible for early release, the reclassification will count against him for only three years, leaving him with four years to complete any necessary programs. Under these circumstances, exclusion from the required

---

[1]Petitioner also claims at one point in his objections that his disciplinary conviction also affects his eligibility for what he describes as an "intensive supervision program." Doc. No. 9 at 23. Because Petitioner does not elaborate in any way on the nature of this alleged avenue of early release or the criteria for eligibility, the Court finds that Petitioner's diminished eligibility for such a program does not meet the case-or-controversy requirement.

course is not a consequence sufficient to satisfy the case-or-controversy requirement. Finally, like parole, executive clemency is awarded as a purely discretionary matter. As a result, any claim that Petitioner's disciplinary conviction has hurt his chances for executive clemency is purely speculative. Id.

Upon de novo review, this Court adopts Judge Strong's Findings and Recommendations (Doc. No. 5) with regard to subject-matter jurisdiction and concludes that it does not have subject-matter jurisdiction over the Petition because Petitioner is not currently in custody or suffering a sufficient adverse consequence by reason of the disciplinary conviction and sanctions. Because this finding alone justifies dismissal, and in light of the limited factual record available to the Court at this stage of the proceeding, the Court will not consider whether the evidence against the Petitioner is sufficient as a matter of law, such that his Petition also fails to state a claim upon which relief can be granted.

Accordingly, IT IS HEREBY ORDERED that the Petition is DISMISSED for lack of subject matter jurisdiction, and a certificate of appealability is DENIED.

DATED this 19th day of April, 2012.

Dana L. Christensen, District Judge
United States District Court

-6-